UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────────────────

PERRY SHIRBACK,

                Plaintiff,

v.                                                                               CASE # 18-cv-01222

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

───────────────────────────────────────────────

APPEARANCES:                                                  OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC       TIMOTHY HILLER, ESQ.
  Counsel for Plaintiff                                 KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                 HEATHER SERTIAL, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II   JILLIAN ERIN NELSON, ESQ.
  Counsel for Defendant                              PRASHANT TAMASKAR, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the Plaintiff's motion for judgment on the administrative record is **DENIED**, the Defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff was born on June 2, 1966, and testified he does not have a high school or equivalency degree[1]. (Tr. 86). Generally, Plaintiff's alleged disability consists of depression, anxiety, carpal tunnel syndrome, high cholesterol, high blood pressure, acid reflux, and an elbow injury. (Tr. 195). His alleged onset date of disability is June 6, 2012. (Tr. 197).

   B.  **Procedural History**

On April 3, 2015, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. (Tr. 76-77). Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On October 27, 2017, Plaintiff appeared before the ALJ, William M. Manico. (Tr. 17). On January 12, 2018, ALJ Manico issued a written decision finding Plaintiff not disabled under the Social Security Act. (Tr. 14-31). On September 18, 2018, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-3). Thereafter, Plaintiff timely sought judicial review in this Court.

   C.  **The ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.

---

[1] At the time of his application, Plaintiff reported he obtained his GED in 1986. (Tr. 241). He testified he did not. (Tr. 51).

2. The claimant has not engaged in substantial gainful activity since June 6, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.).*

3. The claimant has the following severe impairments: vertigo; left elbow pain status post ulnar transposition; anxiety disorder(s); affective disorder(s); substance abuse disorder allegedly in remission. (20 CFR 44.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following exceptions: Claimant may only frequently stoop, reach, push and/or pull. Claimant should avoid exposure to hazards. Claimant retains the mental residual functional capacity to perform unskilled work that would allow him to have a regular work break every two hours, which does not involve the performance of fast-paced assembly work, and where interaction with others is limited to approximately a third of the workday.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on June 2, 1966, and was 46 years old, which is defined as a younger individual age 18-49, on the alleged onset date. The claimant subsequently changed age category to closely approaching advance age (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1534 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 6, 2012, through the date of the decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 14-31).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes essentially two arguments in support of his motion for judgment on the pleadings. First, Plaintiff argues the ALJ failed to reconcile his mental RFC finding with the opinion of Dr. Ippolito. (Dkt. No. 13 at 1 [Pl.'s Mem. of Law]). Second, the ALJ's finding, that Plaintiff could perform light work without further restriction on his ability to use his left arm, was unsupported by substantial evidence and the product of his own lay judgment. (Dkt. No. 13 at 1).

### B. Defendant's Arguments

In response, Defendant makes three arguments. First, Defendant argues substantial evidence supports the RFC finding. (Dkt. No. 20 at 11 [Def.'s Mem. of Law]). Second, the ALJ properly accounted for Plaintiff's left arm impairment in the RFC. (Dkt. No. 20 at 13). Third, the ALJ properly accounted for Plaintiff's mental limitations in the RFC. (Dkt. No. 20 at 18).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity'

assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

### A. Dr. Ippolito's Opinion Was Incorporated Into The ALJ's Finding

Plaintiff asserts the ALJ failed to reconcile his mental RFC finding with the opinion of Dr. Ippolito, whom the ALJ assigned "significant" weight to. (Dkt. No. 13 at 8). Dr. Ippolito is a consultative examiner who examined Plaintiff on June 18, 2015, at the request of the State agency. (Tr. 411). Upon examination, dental hygiene was poor, posture was tense, mood/affect were dysthymic, recent and remote memory mildly impaired, and insight and judgment were "fair." (Tr. 413-414). She opined Plaintiff was able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, learn new tasks, and perform complex asks independently with no evidence of limitations. (Tr. 414). Dr. Ippolito opined Plaintiff would have mild limitations maintaining a regular schedule and moderate limitations making appropriate decisions, relating adequately with others, and dealing with stress. (Tr. 414). She diagnosed major depressive disorder, recurrent, moderate to severe. (Tr. 414).

The ALJ gave "significant" weight to Dr. Ippolito's opinion and found Plaintiff limited to unskilled work that would allow a regular work break every two hours, which does not involve the performance of fast-paced assembly work, and where interaction with others is limited to approximately a third of the workday. (Tr. 26, 29). Plaintiff however argues the RFC included no limitations with regards to maintaining a regular schedule, decision making, or ability to tolerate work stress. (Dkt. No. 13 at 9). Plaintiff's brief providing an enumeration of cases for over a page

on the issue of reconciliation between opinions and the RFC are not on point. This is clearly not the case as the ALJ did incorporate Dr. Ippolito's findings into the RFC, although not in the same terms.

There is plethora of case law within the Second Circuit holding that a RFC for simple routine work is not inherently inconsistent with limitations in the plaintiff's ability to deal with stress, or other specific areas of mental functioning, particularly where the source who provided such limitations ultimately opined the plaintiff is capable of performing simple, routine, repetitive work. *See Wright v. Berryhill*, 687 F. App'x 45, 48-49 (2d Cir. 2017) (although consultative examiner opined plaintiff had mild to moderate limitations appropriately dealing with stress, he was nonetheless able to perform simple, routine work and therefore the court could not conclude "a reasonable factfinder would have to conclude" that plaintiff lacked the ability to perform the ALJ's mental RFC) (*citing Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d. Cir. 2012)); *see Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 389, 400 (W.D.N.Y. 2018) (ALJ's mental RFC limiting plaintiff to simple routine work properly accounted for opinions plaintiff had moderate limitations in various areas of mental functioning); *see Cowley v. Berryhill*, 312 F. Supp. 3d 381, 384 (W.D.N.Y. 2018) (RFC for unskilled work accounted for moderate limitations with respect to stress); *see Tatelman v. Colvin*, 296 F.Supp.3d 608, 613 (W.D.N. Y. 2017) ("it is well-settled that a limitation to unskilled work ... sufficiently accounts for limitations relating to stress and production pace"); *Washburn v. Colvin*, 286 F. Supp. 3d 561, 566 (W.D.N.Y. 2017), *appeal dismissed* (Mar. 30, 2018) ("It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning."); *see Vay v. Comm'r of Soc. Sec.*, No. 6:17-CV-06488, 2018 WL 6844239, at *8 (W.D.N.Y. Dec. 18, 2018) (RFC for unskilled work with limited social interaction accounted for moderate limitations in plaintiff's

ability to deal with stress); *see Guerra v. Comm'r of Soc. Sec.*, No. 1:16-CV-00991, 2018 WL 3751292, at *7 (W.D.N.Y. Aug. 7, 2018) (despite moderate limitations in being able to maintain attention and concertation, maintain a regular schedule, and deal with stress, consultative examiner ultimately opined plaintiff was able to perform simple, routine work); *see Shannon v. Berryhill*, No. 6:16-CV-06796, 2018 WL 6592181, at *3 (W.D.N.Y. Dec. 13, 2018) (collecting cases) ("There is significant case law indicating that the ALJ's limitation of Plaintiff to 'simple, routine tasks' and 'working primarily alone, with only occasional supervision' accounts for her limitations for performing activities within a schedule and maintaining regular attendance.").

Accordingly, the ALJ's mental RFC limiting Plaintiff to simple routine work, with additional social limitations, properly accounted for the limitations in Dr. Ippolito's opinion of moderate limitations in making appropriate decisions, relating adequately with others and appropriately dealing with stress. (Tr. 414). It was not an error for the ALJ to use different terms when addressing those limitations. *See Barry v. Colvin*, 606 F. App'x 621, 624 (2d Cir. 2015) (holding that an ALJ is not bound to include in the RFC finding every specific limitation assessed by an examiner, so long as the ALJ's reasoning is consistent with the record as a whole).

**B. Physical RFC Was Supported by Substantial Evidence**

Plaintiff argues remand is required because the ALJ's finding, that Plaintiff could perform light work without further restriction on his ability to use his left arm, was unsupported by substantial evidence and the product of his own lay judgment. (Dkt. No. 13 at 11). Plaintiff again misstates the RFC, asserting there are "no limitations with regards to the use of his left arm." (Dkt. No. 13 at 13). The ALJ found the severe physical impairments of vertigo and left elbow pain status post ulnar transposition. (Tr. 20). In the RFC, the ALJ limited the Plaintiff to light work with only frequent stooping, reaching, pushing, and pulling. (Tr. 22). Although not specified, these

limitations apply to the left arm. The argument therefore seems to be that Plaintiff believes there should be greater limitations than found and that the ALJ erred in weighing the medical opinion evidence related to the left arm.

Plaintiff specifically argues the ALJ did not account for two medical opinions regarding limited use of the left arm. (Dkt. No. 13 at 13-24). Workers' compensation independent medical examiner Dr. Luzi opined that Plaintiff should not lift, push or pull more than 10 pounds with the left upper extremity and avoid repetitive use of the left upper extremity. (Tr. 374). In January 2015, treating orthopedist Dr. Tetro opined that Plaintiff was able to work light duty with no use of his left arm. (Tr. 339). The ALJ appropriately noted that these opinions were formulated for the purposes of a workers' compensation claim which is "adversarial in nature." The ALJ further discussed the differences in the definition of disability between social security and workers' compensation cases and concluded those findings were not binding on the Commissioner. (Tr. 28). See 20 C.F.R. §§ 404.1504, 416.1904 (determination by a nongovernmental agency or governmental agency for other purposes is not binding on the Commissioner); *see also Claymore v. Astrue*, 519 F. App'x 36 (2d Cir. 2014).

The ALJ did comprehensively discuss that the two opinions were given some weight but that both opinions were inconsistent with their own treatment notes and the record as a whole. (Tr. 28). Where a treating physician's treatment notes did not corroborate the physician's restrictive limitations, and were contradicted by other medical evidence, the Second Circuit has held that an ALJ may properly decline to accord that treating provider's opinion significant weight. *Kennedy v. Astrue*, 343 F. App'x. 719, 721 (2d Cir. 2009). In this case, Dr. Luzi's records did not support his extreme limitations. In the same report as the opinion, Dr. Luzi's examination revealed the left elbow had no swelling, very minimal tenderness, full extension, and full range of motion ("ROM")

9

of the left wrist and fingers. (Tr. 373). Dr. Luzi observed continued improvement in Plaintiff's left elbow pain. (Tr. 373. 381). Subsequent treatment notes from Dr. Luzi state that Plaintiff had very minimal palpable tenderness, full extension and ROM of his elbow, and full ROM in his wrist, with grip strength of 4-5/5. (Tr. 381). Plaintiff had even reported to Dr. Luzi that he was able to drive, do yard work and fish. (Tr. 377). In sum, Dr. Luzi's opinion is inconsistent with his own findings and reports. *See* 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3).

Dr. Tetro's opinion that Plaintiff could perform light duty work with no use of the left arm is also not supported by his findings. (Tr. 339). In the same report with the opinion, Dr. Tetro's examination revealed normal joint stability, no muscle atrophy, and 4/5 motor strength. (Tr. 342). Follow-up was deemed to be on an as-needed basis. (Tr. 338). This examination was on January 8, 2015, and as noted by the ALJ, there was no medical treatment, from any provider, from May 2015 to April 2017, which can be considered by an ALJ when determining severity of an impairment. *See* SSR 16-3p ("If the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints . . . we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall record."); *see also Arnone v. Bowen*, 882 F.2d 34, 39 (2d. Cir. 1989) (a claimant's failure to seek treatment significantly undermines a claim of disability); *Penfield v. Colvin*, 563 F. App'x 839, 840 (2d Cir. 2014); *Netter v. Astrue*, 272 F. App'x 54, 56 (2d Cir. 2008).

The assertion that the ALJ used his lay judgment "for the judgment of Dr. Tetro and Dr. Luzi" is not persuasive. An ALJ's RFC determination may be supported by substantial evidence even where the ALJ rejected a specific medical opinion. The Second Circuit has held that where, "the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity," *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013), a medical

10

source statement or formal medical opinion is not necessarily required. *See id.*; *Pellam v. Astrue*, 508 F. App'x. 87, 90 (2d Cir. 2013) (upholding ALJ's RFC determination where he "rejected" physician's opinion but relied on physician's findings and treatment notes). *Monroe v. Comm'r of Soc. Sec.,* 676 F. App'x 5, 8 (2d Cir. 2017). Contrary to Plaintiff's argument that "there was uncontradicted medical evidence" of limitations with the use of the left arm, the ALJ's decision highlighted evidence of improvement and lack of limitations. For example, there are findings from examinations that Plaintiff had only mild grip strength loss in his left hand, and normal motor strength and reflexes, and intact light touch in the bilateral upper extremities. (Tr. 318-324, 373, 424). The medical records also showed Plaintiff had largely normal range of motion and extension of the left elbow. (Tr. 347-348). Additionally, Plaintiff had normal range of motion in the cervical spine, with no tenderness to palpation, and no weakness in the left shoulder, forearm, or fingers. (Tr. 347-348). Similarly, diagnostic testing was generally unremarkable. On December 1, 2014, an MRI of Plaintiff's left elbow showed no focal bony contusions, occult fracture, or ligamentous or tendinous injury. (Tr. 348, 394). Similarly, a June 23, 2015 x-ray of Plaintiff's left humerus showed no significant bony abnormality, no evidence of acute fracture or bony lesion, and a well-maintained elbow joint. (Tr. 421).

Further, the ALJ's statement that these two opinions did not reflect the improvement of the condition is valid and a proper consideration when determining what weight to give to an opinion. *See* 20 CFR §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6) (The relevant factors considered in determining what weight to afford an opinion include the length, nature and extent of the treatment relationship, relevant evidence which supports the opinion, the consistency of the opinion with the record as a whole, and the specialization (if any) of the opinion's source). Plaintiff reported 50% improvement after his left elbow release surgery, and that his range of motion seemed to be

improving. (Tr. 352, 355, 365). Four months after the surgery, he was working light-duty and had full extension in his elbow. (Tr. 354). This is inconsistent with his testimony that surgery was not helpful. (Tr. 44).

Notably, the Plaintiff's daily activities in general also were properly considered by the ALJ in finding his statements not entirely consistent with the evidence and not consistent with the two restrictive opinions. The ALJ noted that Plaintiff was able to maintain his own personal grooming, clean the house, prepare several meals per week, and walk and feed his dogs. (Tr. 22-25, 58, 259-261). On his function report, Plaintiff stated that he shops for food and clothing twice a month, uses public transportation, can go outside alone, manages a saving account, golfs, fishes, and watches television. (Tr. 59, 261-62, 414). *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (adjudicator properly considers the individual's daily activities); SSR 16-3p; *see also Cichocki v. Astrue*, 729 F.3d 172, 178 (2d Cir. 2013) (holding that Plaintiff's activities of daily living was an important indicator of her true level of both physical and mental functioning).

The ALJ properly concluded Plaintiff's statements concerning the intensity, persistence, and limiting effect of his symptoms were not entirely consistent with the medical and other evidence of record after considering the alleged symptoms and subjective complaints within the regulatory framework. (Tr. 22-29).

Plaintiff's brief contains a significant amount of case law however his arguments are merely disagreements with the ALJ's evaluation of evidence. As long as substantial record evidence supports the ALJ's determination of the facts, which is the case here, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order); *Rouse v. Colvin*, No. 14-CV-817S, 2015 WL 7431403, at *6 (W.D.N.Y. Nov. 23, 2015) (unpublished).

**ACCORDINGLY, it is**

    **ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is

    **DENIED**; and it is further

    **ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 20) is

    **GRANTED**.


Dated: January 15, 2020                             *J. Gregory Wehrman*
Rochester, New York                             HON. J. Gregory Wehrman
                                                       United States Magistrate Judge